Dear Representative Wooten:
You have asked our office to provide an opinion regarding certain qualifications to apply for licensing for the placement and operation of video draw poker devices. Your opinion request concerns the application of La.R.S. 27:306(A)(6)(a) and (c)(vi), such statute which requires any person applying for a license to place video draw poker devices at a truck stop facility to publish a notice of intent to establish the facility as a place qualified to operate video draw poker devices. More specifically, you have asked whether an application for licensure may be accepted by the Louisiana State Police, Video Gaming Division and the Louisiana Gaming Control Board, when such application was completed by an individual who failed to publish a notice of intent prior to submitting a construction application, but published such notice prior to completion of the facility and before the application for a video draw poker license was submitted.
The applicable statutory provisions, La.R.S. 27:306(A)(6)(a) and (c)(vi), provide:
 (6)(a) Any person applying for a license for the placement of video draw poker devices at a truck stop facility shall have, prior to any required rezoning, construction application, or construction of the truck stop which the applicant seeks to establish as a qualified truck stop facility, publish a notice of his intention to build a truck stop that may qualify for a license to operate video draw poker devices as a qualified truck stop facility.
 . . .
 (c)(vi) Failure to timely accomplish such publication shall make an application for a licensed truck stop null, void, and of no effect until the *Page 2 
person seeking application has fully complied with the requirements of advertising pursuant to this Paragraph.
La.R.S. 27:306(A)(6)(a) requires that an individual applying for a license to place video draw poker devices at a truck stop publish a notice of intent to build a truck stop that may qualify for a license to operate video draw power devices as a qualified truck stop facility before submitting a construction application. La.R.S.27:306(A)(6)(c)(vi) provides that an application which does not timely publish the notice of intent is null and void, until the person seeking application has complied with the requirements of advertising pursuant to this Paragraph, thereby providing a mechanism to cure the deficiency.
Accordingly, an application for licensure may be accepted, although it is important to emphasize that an acceptance, in and of itself, is not necessarily a guarantee of licensure. Rather, an acceptance of an application functions as an acknowledgement that such application has been received and is under consideration. It is likely that applications are "accepted" by the Louisiana State Police, Video Gaming Division and the Louisiana Gaming Control Board that contain deficiencies and, if the deficiencies are cured, are deemed to have met the statutory requirements set forth in La.R.S. 27:306, and may ultimately be approved for licensure. The determination of whether or not an individual applying for a license will be successful depends upon whether or not the individual has met all qualifications set forth in La.R.S. 27:306, as interpreted by the Louisiana State Police, Video Gaming Division and the Louisiana Gaming Control Board.
It is therefore the opinion of this office that an application may be accepted by the Louisiana State Police, Video Gaming Division and the Louisiana Gaming Control Board even if certain publication requirements have not been met at the time of the filing of the application.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB